**Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000674
05-DEC-2024
08:20 AM
Dkt. 177 SO**

NO. CAAP-21-0000674

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GARY R. FISCHER, Plaintiff-Appellee,
v.
SAMANTHA K. FISCHER, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIFTH CIRCUIT
(CASE NO. 5DV171000024)

**SUMMARY DISPOSITION ORDER**
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Samantha K. Fischer (**Wife**) appeals from the October 27, 2021 amended divorce decree entered by the Family Court of the Fifth Circuit.[1]  We affirm.

Wife married Gary R. Fischer (**Husband**) in 1995.  They separated in 2014.  Husband filed for divorce on February 3, 2017.  An Initial Pre-Trial Order was entered on February 7, 2017.  Trial began on April 23, 2021, and the evidentiary part concluded on May 4, 2021 (**DOCOEPOT**).  A divorce decree was entered on July 27, 2021.  The "Amended Decree Granting Absolute Divorce and Awarding Child Custody" was entered on October 27, 2021.  Wife appealed.  The family court entered findings of fact (**FOF**) and conclusions of law (**COL**) on April 13, 2022.

---

[1]     The Honorable Stephanie R.S. Char presided.

Wife's opening brief states eight points of error,[2] but her argument does not follow her points. We discuss her arguments in the order raised. Points not argued are waived. Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(7).

The family court has wide discretion and its decisions will not be set aside unless there has been a manifest abuse of discretion. Hamilton v. Hamilton, 138 Hawaiʻi 185, 197, 378 P.3d 901, 913 (2016). The family court's division and distribution of the marital estate is reviewed for abuse of discretion. Id. FOFs are reviewed under the *clearly erroneous* standard. Id. COLs are reviewed de novo under the *right/wrong* standard. Id. When a ruling presents mixed questions of fact and law, we review it under the *clearly erroneous* standard because it depends on the facts and circumstances of the case. Est. of Klink ex rel. Klink v. State, 113 Hawaiʻi 332, 351, 152 P.3d 504, 523 (2007). A ruling supported by the trial court's findings of fact and applying the correct rule of law will not be overturned. Id.

**1.** Wife argues the family court "erred in ordering that the wrongly-distributed social security monies totaling $104,304.00 not be considered a pre-divorce distribution to [Husband] even though the funds should have gone to the custodial parent, [Wife]." The parties' younger **Child** was 16 when the trial began. Husband testified he received $900 per month in social security benefits for Child, which "has to be spent on her." Wife argues, but cites no evidence,[3] that Husband did not use Child's social security payments for Child's benefit. Wife cites Clark v. Clark, 110 Hawaiʻi 459, 134 P.3d 625 (App. 2006).

---

[2] In a footnote, Wife "challenges all FOFs and COLs generally per HRAP 28(b)(4)(c)[sic][.]" HRAP Rule 28(b)(4)(C) requires "either a quotation of the finding or conclusion urged as error or *reference* to appended findings and conclusions" (emphasis added). Wife appended a copy of the family court's findings and conclusions to her opening brief, but her statement of points refers only to FOF nos. 26, 50, 55-60, 63, 70-75, and 80. All other FOFs are binding on appeal. Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 459, 40 P.3d 73, 82 (2002). Wife's statement of points refers only to COL nos. 6, 15, 17-20, 24-30, and 35. Error in other conclusions, if any, is disregarded. HRAP Rule 28(b)(4).

[3] Wife cites to her trial memorandum. Her trial memorandum is argument, not evidence.

There, we discussed <u>Child Support Enforcement Agency v. Doe</u>, 92 Hawaiʻi 276, 990 P.2d 1158 (App. 1999). Both cases concerned the effect of a custodial parent's receipt of a child's social security benefits on the responsible parent's child support obligation. In <u>Doe</u> we held that the obligor parent was entitled to credit the amount of the child's social security benefits against her contemporaneous support obligation. <u>Id.</u> at 285, 990 P.2d at 1167. In <u>Doe</u> the child's monthly benefit exceeded the responsible parent's support obligation. We held the excess benefits "shall be deemed a gratuity to the child" and need not be paid by the custodial parent to the responsible parent. <u>Id.</u> at 286, 990 P.2d at 1168. Then, in <u>Clark</u>, we held that "dependent social security benefits may not be credited against child support arrearages accruing before the claimant's entitlement to the benefits." 110 Hawaiʻi at 470, 134 P.3d at 636.

Doe and Clark are inapposite. FOF no. 28 states, and Wife does not challenge, that "[d]uring the pendency of their divorce, neither party has been court ordered to pay child support to the other party and neither has been giving child support voluntarily to the other." <u>Doe</u> actually stands for the proposition that Child's social security benefits belong to Child, and should not be treated as an asset or liability of Husband or Wife.

Wife argues that Child's social security benefits "should have gone to the custodial caretaker," Wife. She challenges FOF no. 26:

> The status quo custody arrangement between the parties that has been followed by the parties since their separation has been de facto joint legal custody and joint physical custody.

Wife doesn't challenge FOF nos. 14, 25, 28, or 29. The family court found that Child "is allowed to be with whichever party whenever she chooses" and "[b]oth parents have been involved in her upbringing." The family court found that "neither party has been court ordered to pay child support to the

other party" and "[w]hichever parent [Child] is with takes care of her living expenses." In light of these unchallenged findings, FOF no. 26 is not clearly erroneous.

2. Wife argues the family court "erred by issuing FOF 26 and COL 6, stating that joint legal and physical custody is the status quo, and in concluding that travel costs for [Child] are to be split." We stated above that FOF no. 26 was not clearly erroneous. As to COL no. 6, the family court did not order that Child's travel costs be split. COL no. 6 states, in relevant part: "Each party should be responsible for travel expenses, if any, required for [Child] to see them." Wife does not challenge COL no. 5, which awarded the parties joint physical custody of Child and "allowed [Child] to be with whichever party whenever she chooses." COL no. 6 was consistent with COL no. 5, and Wife cites no case, statute, or rule mandating otherwise. The family court acted within its discretion in ordering that each party is responsible for travel expenses required for Child to see them.

3. Wife argues the family court "erred by wrongly finding that [Wife] had violated the Initial Pre-Trial Order by opening First Hawaiian Bank account ending 3777." Her argument is confusing. She argues that the family court deprived her of due process when it "heard and ruled on [Husband]'s Motion to Enforce the Initial Pre-Trial Order even though this motion had been withdrawn by [Husband] at the start of the hearing." She also argues "the Court ruled on this withdrawn motion without taking testimony from [Wife,]" who was "unavailable that day due to her illness."

The family court's orders were not entered on Husband's motion to enforce. On October 30, 2019, the family court entered an order granting Husband's emergency motion to enjoin Wife from depositing rental income into her personal account, and requiring that all rental income be deposited into the business account. On October 16, 2020, the family court entered an order denying Wife's motion to vacate the October 30, 2019 order. The family court ruled that Wife "violated the initial pre-trial order by

4

depositing rental income into her personal account [ending 3777] at First Hawaiian Bank."  The latter order was the basis for FOF no. 63, challenged by Wife:

> The trial court found, in a pre-trial hearing held on July 22, 2020 and by way of Order filed October 16, 2020, that [Wife] diverted money from the marital partnership into First Hawaiian Bank Account #X-3777 in violation of the Pre-Trial Order initially filed in this case.

Wife does not challenge the October 30, 2019 or October 16, 2020 orders.  FOF no. 63 is not clearly erroneous.

4.    Wife argues the family court erred by assigning values of zero to the children's custodial accounts and not attributing them to Husband in the Property Division Chart.  The family court found, and Wife does not challenge, that "[t]he parties cannot make withdrawals from the accounts they are holding for their children unless it is in the best interest of the child."  Wife argues that Husband was using the funds in the children's accounts for his own benefit.  She cites to her attorney's argument during the hearing on the motions for reconsideration; trial testimony by her doctor and her trial testimony about Tiki Realty, the Princeville and Anini rentals, and the related bank accounts; the family court's comments during a hearing on January 29, 2021; and Husband's income and expense and asset and debt statements.  She cites no evidence of Husband's spending from the custodial accounts, let alone that they were for his benefit rather than that of either child.  The family court did not err in not allocating the accounts to either party.

5.    Wife argues the family court "erred by finding insufficient evidence to value the Harley."  The Property Division Chart lists the Harley Davidson but assigns no value and doesn't allocate it to either party.  Wife points out that Husband's amended asset and debt statement lists the Harley Davidson's market value at $3,000.  Husband testified at trial that he sold the motorcycle for $3,000.  Wife cites no impeaching evidence.  The family court acted within its discretion by not

assigning a value to, or allocating, an asset that was not owned by either party on the DOCOEPOT.

6. Wife argues the family court "erred by utilizing outdated appraisals" of the parties' real property values. Wife's argument is based on an appraiser's declaration that isn't in the record, and was appended to her brief in violation of HRAP Rule 28(b)(10). We disregard the declaration. Wife does not otherwise challenge the evidence on which the family court based its valuation of the parties' real property. Wife has not shown error in the family court's valuation.

7. Wife argues the family court "erred by failing to hold that $10,000.00, attributable to [Husband]'s 2% ownership share in his grandson's property, was not marital property attributable to [Husband]." Husband testified that his grandsons bought a house together, he loaned one grandson $10,000 to buy the other grandson's share, and that grandson paid him back. The grandson testified that Husband cosigned a loan so he and his brother could buy property. Husband did not put money down, but received a two percent ownership interest for cosigning. The loan was refinanced when the grandson bought his brother out; the brother and Husband were removed from title; but Husband received no money from the refinance. Wife cites no evidence of the value of her grandson's property, or of Husband's former two percent interest in it. Grandson's debt to Husband was Husband's asset, but the asset was not part of the marital estate because the grandson paid it off before the DOCOEPOT. The family court did not err.

8. Wife argues the family court "erred by not holding [Husband] accountable for his 'bad mortgage'" because it "subtracted the $200k Penn. House and the $40k horse from the bad mortgage." The family court found that Husband "committed marital waste" by encumbering debt-free marital partnership property with a $726,500 mortgage "in violation of the pre-trial order." The family court also found that Husband bought property in Pennsylvania, paid the balance due on purchase of a horse (**Cabana Boy**), and discharged marital debt from the mortgage

proceeds. The Property Division Chart allocates the value of the Pennsylvania house and the full value of Cabana Boy to Husband, credits Husband with satisfaction of the marital debt, and allocates the balance of the mortgage to Husband. That was not error because the family court thereby charged the full value of the mortgage, less the amount used to satisfy marital debt, to Husband.

9. Wife argues the family court "erred by awarding the business, Tiki, fully to [Husband], but then still splitting a Tiki liability — the Adkins lawsuit — between both parties." Wife hasn't challenged the family court's award of Tiki to Husband. She challenges FOF no. 80 and COL no. 38:[4]

> **FOF 80** [Husband] and [Wife] are both named Defendants in the Adkins v. Fischer litigation. Due to lack of testimony at trial, the Court does not have enough evidence to rule on whether [Husband] shall be solely responsible for any liability arising out of said litigation.
>
> . . . .
>
> **COL 38** The parties shall be equally responsible for the Adkins lawsuit.

Neither party cites to the record where the Adkins v. Fischer complaint can be found. Neither party describes the status of the lawsuit on the DOCOEPOT. We take judicial notice of the court files in Adkins v. Fischer, Civ. No. 5CC131000032, and Adkins v. Fischer, No. CAAP-18-0000409. The plaintiffs were Richard K. Adkins and Brown Eyed Girl, LLC. Named as defendants were Husband, Wife, and Anini Aloha Properties, Inc.[5] On the DOCOEPOT, the lawsuit remained pending — it was on appeal from the circuit court's dismissal of all claims. See Adkins v. Fischer, 152 Hawaiʻi 79, 82, 520 P.3d 277, 280 (App. 2022) (reciting that plaintiffs appeal from the May 8, 2018 judgment dismissing all claims against all defendants and third-party

---

[4] Wife's statement of the points of error does not challenge COL no. 38. While we could disregard her argument, we conclude it has no merit.

[5] Anini Aloha Properties, Inc. is mentioned nowhere in the Amended Divorce Decree or the family court's findings of fact and conclusions of law.

defendants).  The family court did not err because Husband's and Wife's ultimate liability in the lawsuit will depend on the terms of any judgment entered against them, or either of them.  Wife cites no evidence in the record sufficient to support any other allocation of the potential civil liability.

10.  Wife argues the family court "erred by awarding [Husband] $146,278.36 in Category 1 Repayment [sic], and where the Court awarded [Husband] $105,315.00 as Category 3 repayment."  She challenges FOF nos. 50 and 55-60, and COL nos. 15 and 17-20.

As to Category 1, the family court found and concluded:

> **FOF 50**  At the time the parties were married on February 25, 1995, [Husband] had the following property:
>
> | | |
> |---|---|
> | 1) Hurricane Insurance Proceeds | $ 13,278.36 |
> | 2) 3753 Anini | $ 65,000.00 |
> | 3) 2620 Berwick, Baltimore, Maryland | $ 18,000.00 |
> | 4) IRA #077-0770189118 | $ 30,000.00 |
> | 5) Kauai Community FCU | $ 20,000.00 |
> | | $146,278.36 |
>
> . . . .
>
> **COL 15**  At the date of marriage, [Husband] had the following Premarital Separate Property:
>
> | | |
> |---|---|
> | 1) Hurricane Insurance Proceeds | $ 13,278.36 |
> | 2) 3753 Anini | $ 65,000.00 |
> | 3) 2620 Berwick, Baltimore, Maryland | $ 18,000.00 |
> | 4) IRA #077-0770189118 | $ 30,000.00 |
> | 5) Kauai Community FCU | $ 20,000.00 |
> | | $146,278.36 |

Category 1 is "[t]he net market value (NMV), plus or minus, of all property separately owned by one spouse on the date of marriage (DOM) but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party."  Hamilton, 138 Hawaiʻi at 201, 378 P.3d at 917.  Upon marriage, premarital separate property becomes either Marital Separate Property or Marital Partnership Property.  Id. at 200, 378 P.3d at 916.  Wife argues that the family court "failed in the final step of the analysis — actually discerning what [sic] of those amounts were actually 'investment[s] in Marital Partnership Property.'"  Her

argument is not persuasive.  The family court concluded, and Wife does not challenge, that:

> **COL 16**  Upon the parties' marriage, [Husband]'s Premarital Separate Property was not segregated as marital separate property (i[.]e. it was not excluded from the parties' marital partnership) by either a premarital agreement pursuant to HRS Chapter 572D or a valid "marital agreement" pursuant to HRS Section 572-22.

Husband's Category 1 NMV was thus his "individual contribution[] to the marriage" that was to be "repaid to [him] absent equitable considerations justifying a deviation."[6]  Id. at 201, 378 P.3d at 917.  Wife does not argue that the family court should have determined an equitable consideration justified deviation.  FOF no. 50 was not clearly erroneous, and COL no. 51 was not wrong.

Category 3 is "[t]he date-of-acquisition NMV, plus or minus, of property separately acquired by gift or inheritance during the marriage but excluding the NMV attributable to property that is subsequently legally gifted by the owner to the other spouse, to both spouses, or to a third party."  Hamilton, 138 Hawai'i at 201, 378 P.3d at 917.  The family court found, and Wife does not contest, that "[d]uring the marriage, [Husband] received inheritances totaling $560,869.70 from his mother."  The family court found and concluded:

> **FOF 55** [Husband's] inheritances were commingled with marital partnership property.
>
> **FOF 56**  As of the DOCOEPOT, the amount remaining in regards to [Husband]'s inheritances is [his] M&T bank account in the amount of $105,315.00.
>
> **FOF 57**  There are valid and reasonable considerations justifying a deviation from using $560,869.70 to using $105,315.00 as [Husband]'s Category 3 Marital Partnership Property.
>
> **FOF 58**  "Relative abilities of the parties" — [Wife] suffers from a number of medical ailments that interfere with her

---

[6]      "In determining whether the circumstances justify deviation from the partnership model, the family court must consider the following: the respective merits of the parties, the relative abilities of the parties, the condition in which each party will be left by the divorce, the burdens imposed upon either party for the benefit of the children of the parties, and all other circumstances of the case."  Hamilton, 138 Hawai'i at 204-05, 378 P.3d at 920-21.

memory, day-to-day exercise of her mental ability, and her physical movement.  There is currently no known cure for her ailments.  It is not foreseeable that [Wife] will be able to work and maintain an income in the future.  [Husband] is a contractor by trade, has an active real estate broker's license, and is a savvy developer, having made considerable income from the purchasing and selling of various property. [Husband] has the ability to produce income in the future.

**FOF 59**  "The condition in which each party will be left by the divorce" — If an equal distribution was made, [Wife] would suffer from a great financial disparity as a result of the property division.

**FOF 60**  "The concealment of an asset or violation of a financial restraining order" — The property located on Keoniana Place, previously free and clear of any debt has become encumbered by the $726,500 Mortgage loan as a result of [Husband]'s unilateral actions, during the period of divorce, in violation of the pre-trial order.

. . . .

**COL 17**  When [Husband] received his inheritances from his mother during the marriage, his inheritances were Marital Separate Property.

. . . .

**COL 18**  When his inheritances were subsequently commingled with marital partnership property, they became Category 3 Marital Partnership Property.

**COL 19**  As of the DOCOEPOT, the amount remaining in regards to [Husband]'s inheritances is [his] M&T bank account in the amount of $105,315.00.

**COL 20**  [Husband] shall receive a Category 3 credit of $105,315.00.

Wife seems to misunderstand what the family court did. The entire amount of Husband's inheritance was marital separate property — "a narrow category of separate property that has been excluded from the marital partnership, and thus, *not subject to division*."  Hamilton, 138 Hawaiʻi at 202, 378 P.3d at 918 (cleaned up) (emphasis added).  In other words, the $560,869.70 Husband inherited from his mother would ordinarily be excluded from the marital partnership model and Wife would not be entitled to any part of that NMV.  But the family court found that Husband's inheritance was commingled with marital partnership property — that is, a "contribution[] to the marriage" which was to be "repaid to [Husband] absent equitable considerations justifying a deviation."  Id. at 201, 378 P.3d at 917.  After

concluding that appropriate equitable considerations justified a deviation from the marital partnership model, the family court *reduced* Husband's repayment from $560,869.70 to $105,315.00. That *increased* the NMV of the marital partnership — of which Wife was entitled to half — by $455,554.70. See Property Division Chart, Parts E & F. It would be against Wife's interests to vacate the challenged findings and conclusions concerning Category 3 property.

11. Finally, Wife argues that the family court committed "borderline invalid-abuse [sic]" by awarding her alimony of $50,000. Kai Lawrence, who signed Wife's opening brief, is cautioned to refrain from making abusive or obstreperous comments about the family court. See Hawaiʻi Rules of Professional Conduct Rule 3.5(b) and Comment [2]. Lawrence's hyperbole is unpersuasive. Unchallenged FOF nos. 83-90 address the relevant factors under HRS § 580-47(a). In addition to alimony, Wife was awarded unencumbered real property valued at $2,375,000; $365,523 in an E-trade account; and an equalization payment of $190,274.99. Based on the family court finding valid and reasonable considerations justifying a deviation from the marital partnership model, the value of Wife's partnership share was $2,973,862.71. Wife's argument about alimony is without merit.

The family court's October 27, 2021 Amended Decree Granting Absolute Divorce is affirmed.

DATED: Honolulu, Hawaiʻi, December 5, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Ronald P. Tongg,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge